## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BILLY GENE MARSHALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-CV-484-SPF-PJC |
| | ) | |
| PHIL LOMBARDI; | ) | |
| JOHN DOE, Court Clerk; | ) | |
| MARY JANE, Court Clerk; et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

On July 31, 2013, Plaintiff, a prisoner appearing pro se, filed a civil complaint (Dkt. # 1), and a motion to proceed in forma pauperis (Dkt. # 2).  He asserts jurisdiction pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).  See Dkt. # 1 at 2.  Because all district judges of the Northern District of Oklahoma have recused due to a court conflict, the case has been reassigned to the undersigned.  See Dkt. # 4.  By Order filed August 13, 2013 (Dkt. # 5), the Court granted Plaintiff's motion to proceed in forma pauperis and directed him to pay an initial partial filing fee.  On September 3, 2013, Plaintiff paid the initial partial filing fee. See Dkt. # 7.  On September 6, 2013, Plaintiff filed a "motion for issuance of summons" (Dkt. # 8) and a motion for appointment of counsel (Dkt. # 9). For the reasons discussed below, the Court finds this action shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.  Plaintiff's recently filed motions shall be declared moot.

## A.  Standard for dismissal

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  <u>See</u> § 1915A(b)(1),(2).  To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  The complaint must contain "enough facts to state a claim to relief that is plausible on its face."  <u>Id.</u> at 570.  A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff.  <u>Id.</u> at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. <u>Id.</u> at 558.

A pro se plaintiff's complaint must be broadly construed under this standard. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  The generous construction to be given the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."  <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991).  A reviewing court need not accept "mere conclusions characterizing pleaded facts."  <u>Bryson v. City of Edmond</u>, 905 F.2d 1386, 1390 (10th Cir. 1990); <u>see also</u> <u>Twombly</u>, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

## B.  Claim is foreclosed by Heck v. Humphrey, 512 U.S. 477 (1994)

In his complaint, Plaintiff alleges that in one of his federal habeas corpus cases, N.D. Okla. Case No. 08-CV-748-CVE-TLW,[1] Defendants Phil Lombardi, Clerk of Court for the Northern District of Oklahoma; John Doe, Court Clerk; and Mary Jane, Court Clerk, deprived him of due process when, on or about January 9, 2009, his "motion to admit and deny authenticity of attached documentation" was "mislabeled" without providing him notice.[2]  See Dkt. # 1 at 13.  Plaintiff alleges that because the motion contained "material evidence of Plaintiff's innocence," he was deprived of an "adequate and fair appellate review of his grounds for relief."  Id. at 13, 14.  Based on those allegations, Plaintiff identifies one count, as follows:

> Count 1:   Defendants knowingly, intentionally and wantonly failed in bad faith to provide plaintiff adequate notice depriving him of due process, adequate appellate review, and his freedom as guaranteed by the 1st, 5th, 6th and 14th Amendments of the United States Constitution.

---

[1]The Court takes judicial notice that in N.D. Okla. Case No. 08-CV-748-CVE-TLW, Plaintiff challenged his conviction of Robbery With a Dangerous Weapon, After Former Conviction of Two or More Felonies, entered in Tulsa County District Court, Case No. CF-2006-2740.  He was sentenced in that case to life imprisonment.

[2]The docket sheet for Plaintiff's habeas corpus case, N. D. Okla. Case No. 08-CV-748-CVE-TLW, reflects that on January 12, 2009, a document received from Plaintiff entitled "motion for the Respondent to admit or deny the authenticity of the attached documentation" was entered on the docket as a "notice of request for admissions."  See Dkt. # 7, N.D. Okla. Case No 08-CV-748-CVE-TLW.  In the document, Plaintiff sought admissions from the originally named respondent, Stanley Glanz.  Id.  The Court also notes that although Plaintiff referenced attached documents 1-A, 1-B, 2, 3, 4, 5, and 6, only documents 1-A and 1-B were actually attached to the "motion." Id.

Id. at 13.  In his request for relief, Plaintiff demands "six million dollars (6,000,000)." Id. at 18, 21.

Upon review of the docket sheet for N.D. Okla. Case No. 08-CV-748-CVE-TLW, the Court notes that Plaintiff complains of a docket entry made on January 12, 2009, or more than three (3) years before his petition for writ of habeas corpus was denied on March 20, 2012.[3]  During the pendency of his habeas case, Plaintiff never objected to the docket entry made by the Clerk of Court on January 12, 2009.  Had the document been filed as a "motion," Plaintiff should have been aware, well in advance of the final disposition of his case, that no ruling had been entered by the habeas court.  Yet Plaintiff did not inquire about the status of his "motion," nor did he voice an objection to the lack of a ruling on the "motion."  Plaintiff first voiced an objection to the docket entry by writing a letter, received by the Clerk of Court on July 11, 2012,[4] or approximately two (2) weeks after the Tenth Circuit's ruling denying a certificate of appealability.

The Court finds that Plaintiff's claim for money damages resulting from Defendants' alleged mislabeling of a docket entry, thereby affecting his ability to prove his innocence of the crime for which he has been convicted, is foreclosed by Heck v. Humphrey, 512 U.S. 477 (1994).  For that reason, the complaint shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.  In his complaint, Plaintiff essentially seeks to relitigate claims presented in his habeas corpus case by alleging that Defendants' actions resulted in a denial of due

---

[3]Plaintiff appealed the denial of habeas corpus relief to the Tenth Circuit Court of Appeals. By Order filed June 28, 2012, the Tenth Circuit denied a certificate of appealability and dismissed the appeal.  Plaintiff filed a petition for writ of certiorari at the United States Supreme Court.  That petition was denied on January 7, 2013.

[4]The letter was placed on the docket (Dkt. # 41) in Case No. 08-CV-748-CVE-TLW. In that letter, Plaintiff states that "[t]his letter is to personally provide your Office with 'notice' that I will file a civil action [against] your Office and other federal officials." Id.

process and the denial of habeas corpus relief in N.D. Okla. Case No. 08-CV-748-CVE-TLW.  Because relief on Plaintiff's claim that Defendants' actions prevented him from proving his actual innocence would necessarily undermine the validity Plaintiff's conviction entered in state court, Plaintiff must first show that the conviction has been invalidated or otherwise set aside before he can seek damages for these defendants' alleged wrongdoing.  See Heck, 512 U.S. at 487 (stating that when judgment for the plaintiff "would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated").  The holding in Heck applies to Bivens actions.  Williams v. Hill, 74 F.3d 1339 (D.C. Cir. 1996) (finding that a litigant may not recover damages in a Bivens action against federal officials who allegedly brought about his or her conviction unless the conviction or sentence has been invalidated or set aside); see also Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (Heck's favorable termination rule applies "no matter the relief sought . . . [and] no matter the target of the prisoner's suit . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration."  (emphasis in original)).  Because Plaintiff makes no showing that his conviction has been invalidated or otherwise set aside, his complaint in this case should be dismissed without prejudice.

The Court recognizes that the holding of Heck does not apply when a habeas remedy is unavailable.  Muhammad v. Close, 540 U.S. 749, 752 n.2 (2004); Cohen v. Longshore, 621 F.3d 1311, 1316-17 (10th Cir. 2010) (holding that a plaintiff "who has no available remedy in habeas, through no lack of diligence on his part, is not barred by Heck from pursuing a § 1983 claim (emphasis added)).  Plaintiff has already sought habeas corpus relief as to his conviction entered in Tulsa County District Court, Case No. CF-2006-2740, without success.  Although the finality provisions of

5

28 U.S.C. § 2244 limit a prisoner's ability to file second or successive habeas petition, Plaintiff could move for authorization from the Tenth Circuit Court of Appeals to file a second or successive petition raising the constitutional claim identified in this action. <u>See</u> 28 U.S.C. § 2244(b)(3)(A).  In addition, Plaintiff could have filed a motion for relief from judgment in his habeas case rather than file the instant civil rights action. Regardless, however, the Court need not decide whether a habeas remedy is unavailable under these facts, thereby allowing Plaintiff to escape the bar imposed by <u>Heck</u>, because Plaintiff's claim otherwise fails to state a claim upon which relief may be granted.

## C.  Plaintiff's claim fails to state a claim

Plaintiff's <u>Bivens</u> claim fails to state a claim upon which relief may be granted. First, the docket entry made in the habeas case appears to be nothing more than a clerical error.  Plaintiff provides no factual support for his conclusory allegation that Defendants acted in bad faith. In addition, Plaintiff was not deprived of his constitutional rights as a result of his "motion" being filed as a "notice" because he cannot demonstrate that he suffered prejudice.  The information and allegations contained in the document were cumulative to information before the habeas court when the petition was denied.  The two attachments to the "motion" were identified by Plaintiff as investigative notes prepared by Detective Bob Little.  Plaintiff sought to use the notes to challenge both the victim's identification of Plaintiff as the man who robbed her and assaulted her with a hammer and descriptions of other evidence linking him to the crime.  Plaintiff raised his claim of "actual innocence" based on discrepancies between the robbery victim's description of her assailant's physical appearance, as given to Detective Little, and Plaintiff's physical appearance before the state courts, in the federal habeas court, and in the Tenth Circuit Court of Appeals. All of the courts denied relief on his claim.  In this <u>Bivens</u> action, Plaintiff has presented

6

facts that were not before the habeas court, demonstrating that had his document been docketed as a "motion," rather than as a "notice," the outcome of his habeas case would have been different.

In addition, in the "mislabeled" document, Plaintiff sought to engage in discovery by submitting a request for admissions.  A review of the docket for N.D. Okla. Case No. 08-CV-748-CVE reflects that Plaintiff had not received leave of court to engage in discovery prior to submitting his request for admissions as required by Rule 6(a), Rules Governing Section 2254 Cases (requiring that a habeas petitioner obtain leave of court prior to conducting discovery).  Nor has Plaintiff provided any facts suggesting that he could have demonstrated "good cause" as is necessary to be authorized to engage in discovery.  Id. For those reasons, Plaintiff has failed to demonstrate that, had the document been filed as a "motion," it would have been granted.

Lastly, the Court notes that on February 6, 2009, or less than one month after the "mislabeled" document was entered on the docket, Plaintiff filed a "motion for inspection and production of documents" (Dkt. # 15 in N.D. Okla. Case No. 08-CV-748-CVE-TLW).  In that motion, Plaintiff requested that the habeas court order production of reports and other records to corroborate "his allegations that the evidence was unreliable, exculpatory and showed he was actually innocent." Id. That motion was considered and denied by Order filed June 11, 2009 (Dkt. # 17 in N.D. Okla. Case No. 08-CV-748-CVE-TLW).  Thus, contrary to Plaintiff's allegations in this civil rights case, the habeas court was well aware of his allegations of actual innocence and challenges to the evidence based on unreliable eye witness testimony and identification.  In the Opinion and Order denying habeas corpus relief, the habeas court considered the reliability of the victim's identification testimony and determined

7

that Plaintiff was not entitled to relief under 28 U.S.C. § 2254(d).  See Dkt. # 25 at 4-7 in N.D. Okla. Case No. 08-CV-748-CVE-TLW.

In summary, Plaintiff's claim that he was deprived of his constitutional rights by Defendants' action resulting in Plaintiff's "motion" being docketed as a "notice," fails to state a claim upon which relief may be granted.  Therefore, even if Plaintiff's civil rights claim is not foreclosed by Heck, this action would be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.  First "prior occasion" under 28 U.S.C. § 1915(g)**

Plaintiff has been granted leave to proceed in forma pauperis.  In addition, his complaint fails to state a claim upon which relief may be granted.  As a result, the complaint shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  This dismissal shall count as Plaintiff's first "prior occasion" under 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.    Plaintiff's claim is foreclosed by Heck v. Humphrey, 512 U.S. 477 (1994).  In the alternative, the claim fails to state a claim upon which relief may be granted.

2.    The complaint (Dkt. # 1) is **dismissed without prejudice** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3.    The Clerk is directed to **flag** this dismissal as Plaintiff's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).

8

4.      Plaintiff's motions for issuance of summons (Dkt. # 8) and for appointment of counsel (Dkt. # 9) are **declared moot**.

5.      A separate judgment shall be entered in this matter.

DATED this 16th day of September, 2013.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

13-0484p003.wpd